UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES STEVEN NORRIS                                               CIVIL ACTION

VERSUS                                                              NO. 05-0795

BERTUCCI CONTRACTING CORP.                                          SECTION "K"(4)

## ORDER AND REASONS

Before the Court are the following motions:

1. Motion in Limine to Exclude Certain Expert Testimony and Reports (Doc. 35);

2. Defendant's Motion in Limine to Exclude the Testimony of Dr. Louis Provenza; and

3. Motion to Quash the Deposition of Dr. Louis Provenza.

The Court rules as follows:

In the Motion in Limine to Exclude Certain Expert Testimony and Reports (Doc. 35), defendant seeks to exclude the expert report(s) and testimony of Dr. Daniel Trahan; the expert report(s) and testimony of Dr. Louis Provenza; and the expert report(s) and testimony of Gulf Coast Physical Therapy.  The Court has received no opposition from the plaintiff; however, it is the Court's understanding that Dr. Trahan did see plaintiff in relation to his ankle injury and the reports have been provided to defendant's counsel at this time.   Accordingly,

**IT IS ORDERED** that the motion as regards Dr. Trahan is **DENIED** in part and **GRANTED** in part; Dr. Trahan will be precluded from giving any opinion testimony and may only testify as a fact witness. He may describe the results of any tests performed on plaintiff without any causation testimony.

As to the reports and testimony of a representative of Gulf Coast Physical Therapy, again the Court has received no opposition from the plaintiff; however, it is the Court's understanding that Gulf Coast Physical Therapy did see plaintiff in relation to his ankle injury and the reports have been provided to defendant's counsel at this time. Accordingly,

**IT IS ORDERED** that the motion as regards Gulf Coast Physical Therapy is **DENIED** in part and **GRANTED** in part; its representative will be precluded from giving any opinion testimony and may only testify as a fact witness. Moreover, only records relating to physical therapy performed with relation to plaintiff's ankle injury will be admitted.

As to the reports and testimony of Dr. Louis Provenza, the Court notes that the second motion noted above was filed several days after the first was filed. Therefore, this ruling will apply to both motions. First, plaintiff has not submitted a timely expert report from Dr. Provenza. In addition, plaintiff has not timely submitted the records of Dr. Provenza. More importantly, Dr. Provenza's records do not provide an opinion that any problems with the plaintiff's back are related to his ankle injury. Without a causation opinion, his testimony is irrelevant particularly in light of the fact that this malady arose more than a year after the accident in question, and moreover, the plaintiff was involved in an intervening accident before he saw Dr. Provenza for the first time. For all of these reasons,

**IT IS ORDERED** that the motion as regards Dr. Provenza is **GRANTED.**

**IT IS FURTHER ORDERED** the Defendant's Motion in Limine to Exclude the Testimony of Dr. Louis Provenza is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Quash the Deposition of Dr. Louis Provenza is **GRANTED**.

New Orleans, Louisiana, this ___11th___ day of May, 2006.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**