FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 MAY 18 PM 3:23
ORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLES STEVEN NORRIS** | **CIVIL ACTION** |
| **VERSUS** | **05-795** |
| **BERTUCCI CONTRACTING CORP.** | **SECTION "K"(5)** |

**JURY CHARGES**

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

I will begin with some general instructions and continue with specific instructions pertaining to the law applicable to the claims made in this case.

___ Fee___
___ Process___
X Dktd ___
✓ CtRmDep___
___ Doc. No___

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence, which means the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some

important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

The parties have agreed, or stipulated, that Mr. Norris is a seaman. This means that both sides agree that these are facts. You must therefore treat this fact as having been proved.

I will now instruct you concerning the specific law applicable to this case.

## INTRODUCTION

Charles Norris is the plaintiff in this case. He alleges he injured his left ankle while employed as a Jones Act seaman while employed by Bertucci Contracting Corp. ("Bertucci"). Mr. Norris alleges he was injured when an acetylene oxygen tank fell on his left ankle. He claims that as a result of the negligence of Bertucci under the Jones Act and/or the unseaworthiness of the vessel, he was injured while following an order to move a cutting rig cart on which the tank was placed from one point to another on the vessel, when a wooden board gave way causing him to fall backwards.

Bertucci contends that the plaintiff's own carelessness caused his accident and that there was no negligence or unseaworthiness. Bertucci also alleges that plaintiff had performed this job on numerous occasions and that the rig cart is designed to be maneuvered by one person to different work locations. It also contends that plaintiff chose to move the cutting rig cart over the deck boards; he could have chosen an alternate route.

## JONES ACT—NEGLIGENCE

Plaintiff's first claim is asserted under the Jones Act.

The Jones Act is a federal statute which provides a remedy to any seaman who suffers personal injuries in the course of his employment due to the negligence of his employer, or the employer's officers, agents or other employees. The right of action afforded by the Jones Act is available only to a member of a crew of a vessel in navigation.

Under the Jones Act, Charles Steven Norris, must prove that his employer was negligent. Negligence is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean anyone's negligence caused the accident.

In a Jones Act claim, the "negligence" is given a liberal interpretation. It includes any breach of duty that an employer owes to his employees who are seamen, including the duty of providing for the safety of the crew.

Under the Jones Act, if the employer's negligent act caused the plaintiff's injury, in whole or in part, then you must find that the employer is liable under the Jones Act.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seamen have a duty to provide their employees with a reasonably safe place to work. If you find that the plaintiff was injured because the defendant failed to furnish him with a reasonably safe place to work, and that the plaintiff's working conditions could have been made safe through the exercise of reasonable care, then you must find that the defendant was negligent.

The fact that the defendant conducted its activities in a manner similar to that of other companies is not conclusive as to whether the defendant was negligent or not.

You must determine if the activity in question was reasonably safe under the circumstances. The fact that a certain practice has been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. A long accepted practice may be an unsafe practice. However, a practice is not necessarily unsafe or unreasonable merely because it injures someone.

A seaman's employer is legally responsible for the negligence of one of his employees while that employee is acting within the course and scope of his employment.

If you find from a preponderance of the evidence that the defendant assigned the plaintiff to perform a task that the plaintiff was not adequately trained to perform, you must find that the defendant was negligent.

## UNSEAWORTHINESS

The plaintiff seeks damages for personal injury that he claims was caused by the unseaworthiness of the defendant's vessel, the BB-105.

A shipowner owes to every member of the crew employed on its vessel the absolute duty to keep and maintain the ship, and all decks and passageways, appliances, gear, tools, parts and equipment of the vessel in a seaworthy condition at all times.

A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability

for an unseaworthy condition does not in any way depend upon negligence or fault or blame. If an owner does not provide a seaworthy vessel–a vessel that is reasonably fit for its intended use–no amount of care or prudence excuses the owner.

The duty to provide a seaworthy vessel includes a duty to supply an adequate and competent crew. A vessel may be unseaworthy even though it has a numerically adequate crew, if too few persons are assigned to a given task.

However, the owner of a vessel is not required to furnish an accident free ship. He need only furnish a vessel and its appurtenances that are reasonably fit for their intended use and a crew that is reasonably adequate for their assigned tasks.

The shipowner is not required to provide the best appliances and equipment, or the finest of crews on his vessel. He is only required to provide gear that is reasonably proper and suitable for its intended use and a crew that is reasonably adequate.

In summary, if you find that the owner of the vessel did not provide an adequate crew of sufficient manpower to perform the tasks required, or if you find that the vessel was in any manner unfit in accordance with the law as I have explained it to you and that this was a proximate cause of the injury, a term I will explain to you, then you may find that the vessel was unseaworthy and the shipowner liable, without considering any negligence on the part of the defendant or any of its employees.

However, if you find that the owner had a capable crew and appliances and gear that were safe and suitable for their intended use, then the vessel was not unseaworthy and the defendant is not liable to the plaintiff on the claim of unseaworthiness.

## CAUSATION

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

In determining causation, the Jones Act claim has a different rule than the unseaworthiness claim.

Under the Jones Act, for both the employer's negligence and the plaintiff's contributory negligence an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part.

In an unseaworthiness claim, the plaintiff must show, not merely that the unseaworthy condition was a cause of the injury, but that such condition was a proximate cause of it. This means that the plaintiff must show that the condition in question was a substantial factor in bringing about or actually causing his injury, and that the injury was either a direct result or a reasonably probable consequence of the condition.

## CONTRIBUTORY NEGLIGENCE

The defendant contends that the plaintiff was negligent, and that the plaintiff's negligence caused or contributed to causing his injury. This is the defense of contributory negligence. The defendant has the burden of proving that the plaintiff was contributorily negligent. If the plaintiff

was guilty of contributory negligence that contributed to his injury, he nevertheless may recover. However, the amount of his recovery will be reduced by the extent of his contributory negligence.

A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training, and education. In other words, under the Jones Act a seaman has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

If you find that the defendant was negligent or that the vessel was unseaworthy, and that the negligence or unseaworthiness was the proximate (legal) cause of the plaintiff's injury, but you also find that the accident was due partly to the contributory negligence of the plaintiff, then you must determine the percentage the plaintiff's contributory negligence contributed to the accident. You will provide this information by filling in the appropriate blanks in the special interrogatories. Do not make any reduction in the amount of damages that you award to the plaintiff. I will reduce the damages that you award by the percentage of contributory negligence you assign to the plaintiff.

**DAMAGES**

If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in

any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

If you find that the defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiff's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages—what the law calls compensatory damages—that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

Furthermore, while the defendant must accept the plaintiff's physical state as it finds him, the defendant is only responsible for the damages that were proximately caused by the defendant's negligent conduct or the unseaworthiness of the ship.

You should consider the following elements of damages, to the extent you find that the plaintiff has established such damages by a preponderance of the evidence: past and future physical pain and suffering including physical disability, impairment, and inconvenience, and the

effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; past and future mental anguish and feelings of economic insecurity caused by his injury; income loss in the past; impairment of earning capacity or ability in the future, including impairment in the normal progress in the plaintiff's earning capacity due to his physical condition; the reasonable value, not exceeding actual cost to the plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

If you find that the plaintiff is entitled to an award of damages for loss of future earnings, there are two particular factors you must consider. First, you should consider loss after income taxes; that is, you should determine the actual or net income that plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award the plaintiff only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount which you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to the plaintiff if he received the amount today than if he received the same amount in the future. Therefore, if you decide to award plaintiff an amount for lost future earnings, you must discount it to present value by considering what return would be realized on a relatively risk free investment.

However, some of the damages which you may determine, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries.

Any award you make to the plaintiff with respect to these intangible injuries is **not** subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that plaintiff is entitled to receive without considering the effect of taxes upon those types of injuries.

## DAMAGES--MULTIPLE CLAIMS

In a civil action such as this, each party asserting a claim, as hereafter described, has the burden of proving every essential element of that claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claims by "a preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

Where more than one claim is involved, as in this case where there is a claim of negligence under the Jones Act, and a claim of unseaworthiness, you should consider each claim,

and the evidence pertaining to it, separately; but in determining any fact in issue you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support each essential element of a claim, then you should find against the party having the burden of proof as to that claim.

However, in considering these claims separately, you must not award compensatory damages more than once for the same injury. For example, if the plaintiff prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim. The plaintiff is only entitled to be made whole once, and may not recover more than he has lost.

## MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

Now, I will explain the Jury Interrogatory Form to you.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.