UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES STEVEN NORRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-0795** |
| **BERTUCCI CONTRACTING CORP.** | **SECTION "K"(4)** |

## ORDER AND REASONS

Before the Court is a Motion for New Trial or, Alternatively, to Alter or Amend Judgment (Doc. 62) filed by Bertucci Contracting Corp. ("Bertucci"). Having reviewed the pleadings, memoranda, exhibits and the relevant law, the Court finds some merit in the motion.

**Standard Under Rule 59 of the Federal Rules of Civil Procedure**

A trial court has discretion to grant a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. Although Rule 59 does not specify the grounds for new trial, case law demonstrates that a new trial may be granted if the district court finds that the size of the verdict is against the weight of the evidence, the damages awarded are excessive or inadequate, or the trial was unfair or marred by prejudicial error. *Dunn v. Consolidated Rail Corp..*, 890 F. Supp. 1262, 1287 (M.D.La.1995), citing Wright & Miller, Federal Practice and Procedure, § 2807 (1973); *Scott v. Monsanto Company*, 868 F.2d 786, 789 (5th Cir.1989). In making its determination, the lodestar is whether the verdict is against the great weight of the evidence or would result in a miscarriage of justice.

The defendant has moved for a new trial solely on the issue of damages on the basis that the jury verdict is excessive and against the weight of the evidence. The jury made the following awards:

| | |
|---|---|
| Past, present and future physical pain and suffering | $550,000.00 |
| Past, present and future mental pain and suffering | $ 75,000.00 |
| Future medical expenses | $100,000.00 |
| Past loss of wages and fringe benefits | $ 60,000.00 |
| Future loss of wages and fringe benefits | $1,600,000.00 |
| **Total** | **$2,385,000.00** |

Whether circumstances justify the granting of a new trial is a decision left to the sound discretion of the trial judge. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433 (1996). In this instance, the Court is of the opinion that the interest of justice would be served by granting a remittur, instead of a new trial, with the condition that if the remittur is not accepted, a new trial is granted.

**Remittitur**

The proper standard to review the quantum awarded is set forth in *Brunnemann v. Terra International, Inc.*, 975 F.2d 175, 178 (5th Cir.1992). The court stated:

> In determining whether a new trial or remittitur is the appropriate remedy, this Circuit has held that when a jury verdict results from passion or prejudice, a new trial, not remittitur is the proper remedy.... Damage awards which are merely excessive or so large as to appear contrary to right reason, however are subject to remittitur, not a new trial....

*Id.* If the Court finds that a remittitur is appropriate, then the Court should decide the amount of the remittitur in accordance with the 'maximum recovery rule'--which mandates that the jury's verdict be "reduced to the maximum amount the jury could properly have awarded." *Wellborn v. Sears, Roebuck & Co.,* 970 F.2d 1420, 1428 (5th Cir.1992).

The Court listened carefully to the evidence, observed plaintiff during the entire trial, carefully listened to the testimony of plaintiff as well as all of the other witnesses, including the physicians and economists. Plaintiff is an intelligent young man who was employed at the time of the trial earning $12 per hour. The Court is of the opinion that the weight of the evidence is that he is capable of earning substantially more than that amount with appropriate training performing a sedentary job. The Court will thus take up each category of award seriatim.

**Past, present and future physical pain and suffering**

A claim of excessiveness is reviewed by comparing the awards at issue with rulings in other factually similar cases decided under controlling law. *Dileo v. Davis*, 1999 WL 143531, *6 (E.D.La 1995). Additionally, while the adequacy of a jury verdict should be reviewed in light of the facts and circumstances of the individual case, prior awards may be useful in framing the range of damages awarded for comparable types of injuries. Plaintiff has an ankle injury which required surgery and the wearing of an ankle support device through the date of trial, and he apparently has permanent nerve damage in his ankle. The evidence demonstrates that he will walk with a limp, and is restricted in lifting, standing and walking. Nonetheless, after observing plaintiff and reviewing the case law, the Court reduces the award in this category to $250,000.00.

### Past, present and future mental pain and suffering

The Court will reduce this award to $75,000.00.

### Future medical expenses

The evidence to future medical expenses was at best ephemeral. There was certainly no evidence in the record to justify the jury verdict of $100,000.00. The Court reduces this award to $2000.00. Plaintiff has reached maximum medical improvement and no future surgery is required. He will have some follow-up visits with his treating physician and may need some prescription medication.

### Past loss of wages and fringe benefits

This award is reduced to $57,019.00 as it was the amount provided by plaintiff's expert witness using assumptions most favorable to plaintiff–i.e. based on his work history of one month rather than three years.

### Future loss of wages and fringe benefits

The Court reduces the loss of earnings award to $425,801.00. This award is indeed generous as it again is based a work history of one month rather than a three year work history; indeed, in the event that a three year work history were used, plaintiff would experience no future loss of wages and fringe benefits.

Finally, using the comparative negligence percentage of 40% found by the jury, the verdict is remitted to the amount of $485,892.00. Accordingly,

**IT IS ORDERED** that defendant's Motion for New Trial or, Alternatively, to Alter or Amend Judgment (Doc. 62) pursuant to Fed. R. Civ. P. 59 is **DENIED** in part and **GRANTED** in part only insofar as the Court grants a conditional new trial on the issue of damages should plaintiff not consent to the remittitur in the amount of $485, 892.00.

**IT IS FURTHER ORDERED** that counsel for plaintiff will notify the Court no later than August 10, 2006, with respect to plaintiff's decision regarding the remittur.

New Orleans, Louisiana, this  31st  day of July, 2006.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**